UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TONY LATRELL GREER, SR., ET AL., ) ) ) Plaintiffs, ) ) VS. ) ) MADISON COUNTY SHERIFF'S ) DEPARTMENT, ) ) Defendant, ) ) | No. 19-1149-JDT-cgc |

SUPPLEMENTAL ORDER DIRECTING CLERK TO LIST ADDITIONAL
PLAINTIFFS ON THE DOCKET AND DIRECTING EACH PLAINTIFF
TO COMPLY WITH 28 U.S.C. §§ 1915(a)(1)-(2)

On July 24, 2019, Tony Latrell Greer, Sr. and ten other individuals, all of whom are incarcerated at the Madison County Criminal Justice Complex in Jackson, Tennessee, filed a *pro se* civil complaint. (ECF No. 1.)[1] Plaintiffs did not pay the civil filing fee and no Plaintiff submitted an application to proceed *in forma pauperis* and a copy of his inmate trust account statement, as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). Because the other Plaintiffs were mistakenly omitted from the docket, the

---

[1] The Clerk inadvertently did not list the other ten Plaintiffs on the docket. Therefore, the Clerk is DIRECTED to list the following individuals as additional Plaintiffs in this case: Octavis Cole, Jermaine Moore, Braxton L. Taylor, Dontarious Brown, Jamauri Ransom, Jaylon Montgomery, Harold Scott, Dexhern Beard, Elijah Garrison and Keon Louis Stewart, Sr.

Court issued an order on July 30, 2019, directing only Plaintiff Greer to submit either the entire civil filing fee or a completed and signed motion to proceed *in forma pauperis*. (ECF No. 3.) The Court will now require all of the Plaintiffs to submit the required financial documentation.

Under the PLRA, a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[2] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

Each Plaintiff is ORDERED to submit, on or before September 6, 2019,[3] a properly completed and executed application to proceed *in forma pauperis* and a certified copy of his inmate trust account statement for the last six months. The Clerk is directed to mail each Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order.

---

[2] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee does not apply if leave to proceed *in forma pauperis* is granted.

[3] In accordance with the prior order, Plaintiff Greer's information was due by August 29th. However, Greer also is allowed until September 6th to file the necessary documents.

If any Plaintiff needs additional time to submit the necessary documents, he may, before September 6, 2019, file a motion for an extension of time.

If any Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess the civil filing fee in accordance with the installment procedures of § 1915(b). However, if any Plaintiff fails to comply with this order in a timely manner the Court will deny him leave to proceed *in forma pauperis*, assess his *pro rata* share of the filing fee from his inmate trust account without regard to the installment procedures, and dismiss the action as to that Plaintiff without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). *McGore*, 114 F.3d at 605.[4]

If any Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. Failure of any Plaintiff to abide by this requirement may likewise result in the dismissal of his claims without further notice, for failure to prosecute.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] Even a voluntary dismissal by a Plaintiff will not eliminate the obligation to pay his share of the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).