UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TONY LATRELL GREER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1149-JDT-cgc |
| | ) | |
| MADISON COUNTY SHERIFF'S DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER DISMISSING ALL REMAINING PLAINTIFFS EXCEPT PLAINTIFF GREER
AND ASSESSING *PRO RATA* SHARES OF THE CIVIL FILING FEE

Eleven inmates at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a joint *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) On August 7, 2019, the Court ordered each Plaintiff to file an *in forma pauperis* affidavit and a copy of his inmate trust account statement, as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Court warned that if any Plaintiff failed to comply his claims would be dismissed and his share of the filing fee would be assessed without regard to the PLRA's provisions. (*Id.* at PageID 12.)

Plaintiffs Greer, Moore, Taylor and Brown complied with the August 7th order,[1] and the copy of the order sent to Plaintiff Octavis Cole was returned undeliverable. Because Plaintiff Cole

---

[1] On October 2, 2019, the Court severed the claims of Plaintiffs Moore, Taylor and Brown. (ECF No. 13 at PageID 40.) New civil actions were opened for each of them, and their shares of the filing fee were assessed pursuant to the PLRA. Plaintiff Greer's share of the filing fee also was assessed in accordance with the PLRA. (ECF No. 15.)

apparently is no longer at the CJC but has not provided the Court with a new address, his claims are DISMISSED WITHOUT PREJUDICE for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The other six Plaintiffs have failed to comply with the August 7th order, and their mail has not been returned. The time for compliance has expired; therefore, the claims of Plaintiffs Ransom, Montgomery, Scott, Beard, Garrison and Stewart are DISMISSED WITHOUT PREJUDICE for failure to comply with the Court's order, also pursuant to Federal Rule of Civil Procedure 41(b).

Notwithstanding the dismissal of the non-compliant Plaintiffs, they are still obligated to pay their shares of the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

Accordingly, Plaintiffs Jamauri Ransom, Jaylon Montgomery, Harold Scott, Dexhearn Beard, Elijah Garrison and Keon Louis Stewart, Sr., are ORDERED to cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at the Plaintiffs' prison shall withdraw from each Plaintiff's trust account the sum of $31.81 and forward that amount to the Clerk of this Court. If the funds in any Plaintiff's account are insufficient to pay the full amount of his share of the civil filing fee, the prison official is instructed to withdraw all of the funds in that Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to that Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until that Plaintiff's $31.18 share of the civil filing fee is paid in full.

Each time the trust account officer makes a payment to the Court as required by this order, he shall submit to the Clerk along with the payment a copy of the prisoner's account statement showing all activity in the account since the last payment under this order. All payments and account statements should be sent to:

    Clerk, United States District Court, Western District of Tennessee,
    111 S. Highland Ave., Rm. 262, Jackson, TN  38301

and shall clearly identify the Plaintiff's name and the case number as included on the first page of this order.

The Clerk shall mail a copy of this order to the official in charge of trust fund accounts at the Plaintiffs' prison.

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE