# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| TONY LATRELL GREER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 19-1149-JDT-cgc |
| ) | |
| MADISON COUNTY SHERIFF'S ) | |
| DEPARTMENT, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING CASE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On October 18, 2019, the Court dismissed the *pro se* amended complaint of Plaintiff Tony Latrell Greer, Sr., and granted leave to file a second amended complaint. (ECF No. 32.) On November 20, 2019, Greer timely filed a second amended complaint, (ECF No. 33), which is now before the Court for screening.

In the second amended complaint, Greer alleges that he requested a kosher diet because he had begun practicing Judaism. (*Id.* at PageID 27.) Lieutenant Lisa Balderrama allegedly denied him a kosher diet, even though she had granted another inmate's request to be served a kosher diet. (*Id.*) Greer allegedly "feel[s] that" Balderrama's actions were "Racist and Discriminatory." (*Id.*) He asserts that his "Eleventh amendment was also violated." (*Id.* at PageID 28.) He seeks punitive and compensatory damages. (*Id.*)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 32 at PageID 67-69), and will not be reiterated here.

Greer does not reallege or elaborate on his previous allegations regarding the conditions at the Madison County Criminal Justice Complex. (*Id.* at PageID 67.) It therefore appears that Greer has abandoned those claims.

To the extent he seeks to sue Lieutenant Balderrama in her official capacity, Greer's claims are construed as claims against the Madison County Sheriff's Department and, in turn, as claims against Madison County. (*Id.* at PageID 69 (citing *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978)).) However, Greer does not allege that Balderrama denied him a kosher diet pursuant to a Madison County policy or custom. For the same reasons Greer failed to state a claim against Madison County in his amended complaint, he fails to do so here in his second amended complaint. (*Id.*)

As discussed in the previous order of dismissal, Greer has a First Amendment right to meals that meet his nutritional needs without violating his sincerely held religious beliefs. (*Id.* at PageID 69-70 (citing *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015), and *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010)).) Greer previously alleged that he was denied a "Whole Foods Diet." He now alleges that he has been denied a kosher diet. However, as with his previous complaint, he does not allege that he has been denied adequate nutrition that complies with his religious belief. He alleges only that he has been denied the specific diet he requested. Greer's amended allegations do not cure the deficiencies in his previous complaint and fail to state a First Amendment claim.

Greer also alleges that, although Balderrama denied him a kosher diet, she granted another inmate's request for a kosher diet. He alleges that he "feel[s]" that this was discriminatory and racist. The Court construes Greer's allegations as an attempt to assert a claim under the Equal Protection Clause of the Fourteenth Amendment, which provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. Of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)), *overruled on other grounds by Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008).

Greer does not state a claim under the Equal Protection clause. Although he alleges that one other inmate was granted a kosher diet, he does not allege facts to establish how that inmate was similarly situated to him. He does not even allege the basis for his claim that he was discriminated against—whether it is based on his religion, his race, or some other protected factor. Although he alleges that Balderrama's actions were racist, he does not provide the race of the other inmate who received a kosher diet. His lone allegation that another inmate was granted a kosher diet, and Greer was not, does not suffice to state a claim under the Equal Protection Clause. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008).

Greer also alleges, without any context or elaboration, that his "Eleventh [A]mendment was also violated." The Eleventh Amendment to the United States Constitution has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The amendment does not provide a substantive right under which Greer may seek relief. His purported Eleventh Amendment claim is frivolous.

In conclusion, the Court finds that Greer's second amended complaint also fails to state a claim on which relief can be granted. Leave to further amend is DENIED, and this case is hereby DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Greer in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED that any appeal in this matter by Greer would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Greer nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997),

*partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Greer is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Greer, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE